United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK LANGHAM,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF UNION CITY, et al.,<br><br>Defendants. | Case No. 23-cv-01753-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Now before the Court is the motion to dismiss the first amended complaint filed by Defendant City of Union City, Justin Noyd, Matthew Mangan, Kyle Scarbrough, Brian Ross, and Brian Baumgartner (collectively "Defendants"). Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the amended complaint fails to state a claim upon which relief can be granted. Having considered the parties' papers and authority, the Court GRANTS Defendants' motion to dismiss.

**BACKGROUND**

This case arises from an alleged search and seizure of Plaintiff's vehicle after a traffic stop with Union City police on October 30, 2022. Plaintiff alleges that Officer Scarbrough initiated a traffic stop and cited him for driving without a license. (Dkt. No. 14, First Amended Complaint ("FAC"), ¶¶ 26-29.) Plaintiff responded that he had a right to travel freely, asserted that his driver's license was on file and was valid, and insisted that the officers required a warrant for his arrest. (*Id.* at ¶¶ 30-34.) Plaintiff fought his traffic ticket and had a judicial proceeding on February 21, 2023. (*Id.* at ¶¶ 36-39.)

Plaintiff was cited for having tinted windows on his vehicle and for being an unlicensed

1  driver. (Dkt. No. 17, Request for Judicial Notice ("RJN"), Ex. A.)[1] Plaintiff appeared in traffic
2  court in Fremont, California on February 21, 2023, and was convicted of both being an unlicensed
3  driver and for driving with tinted windows. (*Id.*, Ex. B.)
4  The Court will address additional facts as necessary in its analysis.

## ANALYSIS

### A. Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

---

[1] The Court GRANTS Defendants' request for judicial notice. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201.

inferences." *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice, without converting a motion to dismiss into a motion for summary judgment. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**B.    Unlawful Seizure Claim.**

Defendants contend that Plaintiff's unlawful seizure claim is barred by the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a Section 1983 claim is barred if it "would necessarily imply the invalidity" of a conviction or sentence. *Id.* at 487. If "a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (cleaned up). *Heck* applies to convictions arising from

3

traffic citations. *See Berger v. Brandon*, 2008 WL 5101338, at *2 (E.D. Cal. Dec. 3, 2008) ("*Heck* bars Plaintiff's retaliation claims that the Officer Defendants stopped him without probable cause, filed a false police report and gave false testimony, since granting this relief would necessarily imply the invalidity of his conviction.").

By attacking the lawfulness of the seizure here, Plaintiff necessarily calls into question the propriety of his traffic code convictions. He necessarily challenges whether he was driving without a valid license and in a car with tinted windows. However, these claims pursuant to Section 1983 are barred by the ruling in *Heck*. *See, e.g., Kenney v. City of San Diego & Fed. Private Contractor Intelligence Cmty.*, 2016 WL 1223339, at *10 (S.D. Cal. May 29, 2016) ("Plaintiff's attempt to recover damages for the traffic stop and issuance of a citation based on a claim of false arrest or unlawful detention necessarily implies the invalidity of the lawful stop and subsequent citation. The Court finds that *Heck* bars Plaintiff's action for damages under § 1983"). For these reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for unlawful seizure. Because the Court finds that no amendment could cure the *Heck* bar, the claim is dismissed without leave to amend.

**C.    Bane Act Claim.**

Plaintiff alleges a claim for violation of California Civil Code section 52.1, the Bane Act, which provides in pertinent part that:

> [a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(b). This provision provides that an officer to have had a "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. City of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quotation omitted). "The act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal. App. 5th 360, 395 (2017). "Evidence simply showing that an officer's conduct amounts to

4

a constitutional violation under an 'objectively reasonable' standard is insufficient to satisfy the additional intent requirement under the Bane Act. Rather, [the plaintiff] must show that [the officer] intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Losee v. City of Chico*, 738 F. App'x 398, 401 (9th Cir. 2018) (internal quotation and citation omitted).

As with a claim brought under 42 U.S.C. section 1983, the Bane Act "does not provide any substantive protections; instead, it enables individuals to sue for damages for constitutional violations." *Reynolds v. County of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996), *overruled on other grounds by Acri v. Varian Associates*, 114 F.3d 999, 1000 (9th Cir. 1997). The California Supreme Court has explained that this section provides a remedy for "certain misconduct that interferes with" the exercise of rights under federal or state laws, if that misconduct is accompanied by threats, intimidation or coercion." *Austin B. v. Escondido School Dist.*, 149 Cal. App. 4th 860, 882 (2007); *see also Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338 (1998). However, the Bane Act "does not extend to all ordinary tort actions, because its provisions are limited to threats, intimidation or coercion that interferes with a constitutional or statutory right." *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 843 (2004); *Jones*, 17 Cal. 4th at 334-35 (The Bane Act "does require an attempted or completed act of interference with a legal right, accompanied by a form of coercion.").

Here, Plaintiff alleges that the officers acted in a threatening and intimidating manner when they surrounded his car and effectuated a search. (*See* FAC ¶¶ 94-99.) But Plaintiff does not elaborate on the manner in which he alleges that the officers treated him with threats, intimidation, or coercion. Accordingly, the Court GRANTS Defendants' motion to dismiss the Bane Act claim with leave to amend to allege specific facts in support of the claim of intimidation.

**D.     Section 1985 Claim for Conspiracy.**

In his amended complaint, Plaintiff alleges that all Defendants "conspired to violate the rights of plaintiff to unlawfully search and seize plaintiff's property." (*Id.* ¶¶ 127-28.) Plaintiff specifically alleges that the Defendants deprived him of his Fourth Amendment rights and rights under the California Constitution, by unlawfully searching his car without a warrant in furtherance

5

of a conspiracy, and deprived Plaintiff of equal privileges and immunities under the law. (*Id.* ¶¶ 140-151.) Plaintiff claims that Defendants "acted in a discriminatory manner," and that their actions "were intentional and aimed at interfering with plaintiff's rights." (*Id.* ¶¶ 129, 133.) Further, he claims that he was discriminated against "based on his social class." (*Id.* ¶ 131.)

In order to sustain a cause of action for conspiracy to violate a plaintiff's civil rights under Section 1985(3), a plaintiff must allege and demonstrate that defendants acted with racial or other class-based animus in conspiring to deprive the plaintiff his equal protection of the laws, or of equal privileges and immunities secured by law. *See United Bhd. of Carpenters & Joiners, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834-39 (1983). Plaintiff's attempt to designate "social class" as the basis for the class-based discriminatory animus fails to amount to a claim under existing authority. Plaintiff has not offered and the Court has not found any authority to extend constitutional protections to Plaintiff's alleged social class. Section 1985(3) is extended beyond race "only when the class in question can show that there has been a governmental determination that its members 'require and warrant social federal assistance in protecting their civil rights.'" *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985). The assertion of discrimination based on social class is conclusory and vague, and there is no authority for the argument that it should be the basis for a constitutional claim under Section 1985(3). Accordingly, Plaintiff's conspiracy claim is unfounded and dismissed for this reason.

In addition, the intra-corporate conspiracy doctrine precludes liability for these Union City police officers who were all acting within the course and scope of their official capacities during the search of Plaintiff's vehicle. The doctrine posits that "officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Jefferson v. Rose,* 2012 WL 1398743, *4 (E.D.N.Y. Apr. 23, 2012) (quotations and citations omitted). The intra-corporate conspiracy doctrine "extends to public corporate bodies, including municipalities." *Nimkoff v. Dollhausen,* 751 F. Supp. 2d 455, 466 (E.D.N.Y.2011) (citation omitted). As this district has found previously, "this Court finds persuasive the rationale supporting application of the intra-corporate conspiracy doctrine to bar a Section 1985 claim where the conspiratorial conduct challenged is essentially a

single act by a single governmental body acting exclusively through its own officers, each acting within the scope of his or her official capacity." *Rabkin v. Dean*, 856 F. Supp. 543, 552 (N.D. Cal. 1994). Accordingly, the Court finds that Plaintiff cannot bring a Section 1985(3) conspiracy claim against the police officers for conspiring among themselves. Because the claim cannot be cured by amendment, the Court GRANTS Defendants' motion to dismiss this claim with prejudice.

**E.  Section 1986 Claim.**

A claim can be stated under Section 1986 only if the complaint contains a valid claim for violation of Section 1985. *See Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985). Because the Court has found that Plaintiff's Section 1985 claim fails as a matter of law for failure to state a claim for discrimination based on membership in a protected class and by virtue of the intra-corporate conspiracy doctrine, Plaintiff's 1986 claim similarly fails. Because the claim cannot be cured by amendment, the Court GRANTS Defendants' motion to dismiss this claim with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) with leave to amend for the second cause of action for violation of the Bane Act. Should Plaintiff wish to amend his complaint, he may file an amended complaint by no later than December 29, 2023.

**IT IS SO ORDERED.**

Dated: December 4, 2023

JEFFREY S. WHITE
United States District Judge