UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK LANGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF UNION CITY, et al.,<br><br>    Defendants. | Case No. 23-cv-01753-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 26 |

    Now before the Court is the motion to dismiss the seocond amended complaint filed by Defendant City of Union City, Justin Noyd, Matthew Mangan, Kyle Scarbrough, Brian Ross, and Brian Baumgartner (collectively "Defendants").  Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the amended complaint fails to state a claim upon which relief can be granted.  Having considered the parties' papers and authority, the Court GRANTS Defendants' motion to dismiss, once more with leave to amend.

## BACKGROUND

    This case arises from an alleged search and seizure of Plaintiff's vehicle after a traffic stop with Union City police on October 30, 2022.  Plaintiff alleges that police officers targeted him in the past and initiated a traffic stop within two minutes of him entering his vehicle.  Plaintiff alleges that the police cited him for driving without a license.  (Dkt. No. 25, First Amended Complaint ("SAC"), ¶¶ 14, 15, 22-29.)  Plaintiff responded that he had a right to travel freely, asserted that his driver's license was on file and was valid, and insisted that the officers required a warrant for his arrest.  (*Id*. at ¶¶ 30-32.)  Plaintiff fought his traffic ticket and had a judicial

1  proceeding. (*Id.* at ¶ 34.)

2  Plaintiff was cited for having tinted windows on his vehicle and for being an unlicensed driver. (Dkt. No. 17, Request for Judicial Notice ("RJN"), Ex. A.)[1] Plaintiff appeared in traffic court in Fremont, California on February 21, 2023, and was convicted of both being an unlicensed driver and for driving with tinted windows. (*Id.*, Ex. B.)

The Court will address additional facts as necessary in its analysis.

## ANALYSIS

### A. Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*

---

[1] The Court has previously Defendants' request for judicial notice. (Dkt. No. 24, Order dated December 4, 2023, at 2 n.1.) A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201.

(*United States District Court, Northern District of California*)

1  *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, courts do not "accept as true
2  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
3  inferences."  *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

4        As a general rule, "a district court may not consider any material beyond the pleadings in
5  ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled
6  on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation
7  omitted).  However, the Court may consider documents attached to the complaint, documents
8  relied upon but not attached to the complaint, when the authenticity of those documents is not
9  questioned, and other matters of which the Court can take judicial notice, without converting a
10 motion to dismiss into a motion for summary judgment.  *Zucco Partners LLC v. Digimarc Corp.*,
11 552 F.3d 981, 990 (9th Cir. 2009).

12       If the Court determines that a complaint should be dismissed, it must then decide whether
13 to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to
14 amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose
15 of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."
16 *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation
17 marks omitted).  When dismissing a complaint for failure to state a claim, "a district court should
18 grant leave to amend even if no request to amend the pleading was made, unless it determines that
19 the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1130 (internal
20 quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing
21 amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the
22 moving party has acted in bad faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532
23 (9th Cir. 2008).

**B.   Bane Act Claim.**

25       Plaintiff again alleges a claim for violation of California Civil Code section 52.1, the Bane
26 Act, which provides in pertinent part that:

27             [a]ny individual whose exercise or enjoyment of rights secured by the
Constitution or laws of the United States, or of rights secured by the
28             Constitution or laws of this state, has been interfered with, or

>1  attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(b). This provision provides that an officer must have had a "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. City of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quotation omitted). "The act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal. App. 5th 360, 395 (2017). "Evidence simply showing that an officer's conduct amounts to a constitutional violation under an 'objectively reasonable' standard is insufficient to satisfy the additional intent requirement under the Bane Act. Rather, [the plaintiff] must show that [the officer] intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Losee v. City of Chico*, 738 F. App'x 398, 401 (9th Cir. 2018) (internal quotation and citation omitted).

Here, Plaintiff alleges that the officers acted in a threatening and intimidating manner when they surrounded his car and effectuated a search. (*See* SAC ¶¶ 46, 46, 81-95.) But, similar to his first amended complaint, Plaintiff again does not elaborate on the manner in which he alleges that the officers treated him with threats, intimidation, or coercion. In his opposition brief, Plaintiff states that he has a witness to the mistreatment from police officers. (Dkt. No. 27, Opp. Br. at 3:21-22.) However, this witness does not appear in the amended complaint. Plaintiff also alleges that he was specifically targeted because he "has put the spotlight on this department for unconstitutional practices committed against himself and other members of the public." (*Id.* at 3:25-26.) However, these allegations – having a witness and being a whistleblower – and the specific facts underlying them which potentially may give rise to liability under the Bane Act do not appear in the second amended complaint. Accordingly, the Court GRANTS Defendants' motion to dismiss the Bane Act claim with leave to amend to allege specific facts in support of the claim of intimidation. Plaintiff is admonished that failure to allege specific facts in his third amended complaint will result in dismissal of this matter.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) with leave to amend. Should Plaintiff wish to amend his complaint, he may file an amended complaint by no later than March 1, 2024.

**IT IS SO ORDERED.**

Dated:  February 6, 2024

_____
JEFFREY S. WHITE
United States District Judge