UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK LANGHAM,<br>        Plaintiff,<br>   v.<br>CITY OF UNION CITY, et al.,<br>        Defendants. | Case No. 23-cv-01753-JSW<br><br>**ORDER DENYING MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 31 |

Now before the Court is the motion to dismiss the third amended complaint filed by Defendant City of Union City, Justin Noyd, Matthew Mangan, Kyle Scarbrough, Brian Ross, and Brian Baumgartner (collectively "Defendants"). Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the third amended complaint fails to state a claim upon which relief can be granted. Having considered the parties' papers and authority, the Court DENIES Defendants' motion to dismiss.

**BACKGROUND**

This case arises from an alleged search and seizure of Plaintiff's vehicle after a traffic stop with Union City police on October 30, 2022. Plaintiff alleges that police officers targeted him in the past and initiated a traffic stop within two minutes of him entering his vehicle. Plaintiff alleges that the police cited him for driving without a license. (Dkt. No. 30, Third Amended Complaint ("TAC"), ¶¶ 13-15, 19-21.) Plaintiff responded that he had a right to travel freely, asserted that his driver's license was on file and was valid, and insisted that the officers required a warrant for his arrest. (*Id*. at ¶¶ 22-24.) Plaintiff fought his traffic ticket and had a judicial

1    proceeding. (Dkt. No. 14, First Amended Complaint, at ¶ 36.)

2        Plaintiff was cited for having tinted windows on his vehicle and for being an unlicensed
3    driver. (Dkt. No. 17, Request for Judicial Notice ("RJN"), Ex. A.)[1] Plaintiff appeared in traffic
4    court in Fremont, California on February 21, 2023, and was convicted of both being an unlicensed
5    driver and for driving with tinted windows. (*Id.*, Ex. B.)

6        This is Defendants' third motion to dismiss the only remaining claim for violation of the
7    Bane Act, California Civil Code section 52.1.

8        The Court will address additional facts as necessary in its analysis.

## ANALYSIS

### A.   Applicable Legal Standard.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[1] The Court has previously granted Defendants' request for judicial notice. (Dkt. No. 24, Order dated December 4, 2023, at 2 n.1; Dkt. No. 29, Order dated February 6, 2024 at 2 n.1.) A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201.

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, F.3d 1049, 1055 (9th Cir. 2008).

**B.     Bane Act Claim.**

In his third amended complaint, Plaintiff again alleges a claim for violation of the Bane Act, which provides in pertinent part that:

> [a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1(b).  This provision provides that an officer must have had a "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. City of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quotation omitted).  "The act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal. App. 5th 360, 395 (2017).  "Evidence simply showing that an officer's conduct amounts to a constitutional violation under an 'objectively reasonable' standard is insufficient to satisfy the additional intent requirement under the Bane Act.  Rather, [the plaintiff] must show that [the officer] intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Losee v. City of Chico*, 738 F. App'x 398, 401 (9th Cir. 2018) (internal quotation and citation omitted).

Here, in his third amended complaint, Plaintiff alleges that the officers acted in a threatening and intimidating manner when they surrounded his car and effectuated a search just minutes after Plaintiff left his driveway.  (*See* TAC ¶¶ 20, 33-38, 46-81.)  Plaintiff also alleges that Defendants "had a specific intent of intimidating plaintiff due to the fact that plaintiff has put the

3

spotlight on this department for the numerous civil rights violations they have caused him and others." (*Id.* ¶ 81.)  Lastly, Plaintiff also pleads that he has a witness who can "account for the intimidation that officers at the Union City Police Department have caused Plaintiff." (*Id.* ¶ 74.) With these allegations, the Court finds that Plaintiff has stated sufficient facts to support an allegation for violation of the Bane Act.

Accordingly, the Court DENIES Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**

Dated:  April 10, 2024

_____
JEFFREY S. WHITE
United States District Judge